## THIEL DETECTIVE SERVICE CO. v. McCLURE.

(Circuit Court, W. D. Kentucky. March 14, 1904.)

1. FEDERAL COURTS—EQUITY JURISDICTION—ACTION AGAINST EXECUTORS.
    An unsecured creditor of a deceased person having a mere legal demand which has not been reduced to judgment is not a cestui que trust in such a sense as to be entitled, in the absence of fraud, gross wrong, or unreasonable delay on the part of the decedent's executor, to maintain a bill in equity in the federal circuit court against such executor to compel an accounting.

2. SAME—DECEDENTS' ESTATES—SETTLEMENT.
    Federal courts have no original jurisdiction in respect to the administration and general settlement of the estates of deceased persons.

3. SAME—SUITS AT LAW.
    Though a creditor of a deceased person may establish the validity of his claim by a suit at law in the federal courts, provided requisite jurisdictional elements are present, yet on recovering judgment, if the same is not paid, the creditor must ordinarily seek relief by a marshaling of assets in the state courts having jurisdiction of the settlement of estates.

4. SAME—CONFLICTING JURISDICTION.

Where, at the time a creditor of a deceased person filed a bill in equity in the federal court to compel an accounting by the executor, a suit in equity had already been begun in the state court under a state statute for a similar purpose, to which complainant was not made a party, the state court having first assumed jurisdiction, complainant's bill was not maintainable.

Robert D. Vance, for complainant.
Yeaman & Yeaman, for defendants.

EVANS, District Judge. This is a bill in equity brought by the complainant, a citizen of Missouri, against defendants, all of whom are citizens of Kentucky. The complainant avers that it was employed by Mary H. McClure and Henry D. McClure to inspect, audit, and balance the books of the Anchor Roller Mills at Corydon, Ky., and that, pursuant to said employment, it performed labor and services and incurred expenses in the course thereof and in connection therewith, to the value and amount of $3,533.23, all of which the said Mary H. McClure and Henry D. McClure promised and agreed to pay, but have not done so. No judgment at law has been obtained against either of the alleged employers, nor is any sought in this action. It appears from the bill that Mary H. McClure died in Henderson county, Ky., on September 8, 1903, after having made and published her last will and testament; that the will was admitted to probate on October 26, 1903, by the Henderson county court; and that on November 4, 1903, Henry D. McClure, the executor named therein, was duly qualified as such by that court. A copy of the will is filed, and the devisees thereunder and certain creditors of the deceased are made defendants to the bill, which was filed on December 21, 1903, less than two months after the executor qualified, and probably before he had had time to take an intelligent survey of the whole situation. Much the larger part of the estate of the testatrix appears to be land located in this state, and probably in Henderson county. It is not claimed that she was insolvent, though it is averred that her personal estate will not be sufficient to pay her debts, and that no inventory thereof had then been returned. As already stated, no personal judgment is sought against Henry D. McClure, either individually or as executor. On the contrary, the object of the bill is to secure an accounting by the executor in this court, a reference to the master to ascertain the debts due from the estate of Mary H. McClure, a settlement of the accounts of the executor, and a sale under this court's decree of so much of decedent's real estate as may be necessary to pay such of her debts as may not be satisfied by her personal estate. In short, it is a suit brought, within seven weeks after the executor qualified, for the general administration and settlement of the decedent's estate, such probably as might, when the time was ripe, be brought in the proper state court under section 428 et seq. of the Civil Code of Practice, and with due regard to sections 3837 to 3908, inclusive, of the Kentucky Statutes of 1903. The defendants have demurred to the bill, upon the

¶ 4. Conflict of jurisdiction with state courts, Louisville Trust Co. v. City of Cincinnati, 22 C. C. A. 356.

ground that this court has no equitable jurisdiction in the premises, and that there is no equity in the bill.

It seems to the court, after a very careful examination of the subject, that the demurrer must prevail under the stress of several propositions which are clearly settled in the federal jurisprudence.

1. An unsecured creditor of a decedent, who has a mere legal demand which has not been reduced to judgment, is not a cestui que trust in such sense as to be entitled, in the absence of fraud, gross wrong, or unreasonable delay by an executor, to maintain a bill in equity in this court against that officer of the probate court who has the estate in course of administration. Walker v. Brown, 63 Fed., at page 212, 11 C. C. A. 135, affirming (C. C.) 58 Fed. 23; In re Foley (D. C.) 76 Fed. 395. The alleged debtors in this case are entitled to demand a trial by jury if, as they manifest a purpose to do, they contest the claim of the complainant, and the latter cannot deprive them of that right by bringing its suit in equity in the first instance. Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712, 35 L. Ed. 358. It is not certain that the executor in this case will refuse or be unable, in the regular course of administration, to pay any judgment that may be rendered at law on complainant's alleged debt, and thus save the large expense of a settlement suit in equity. At all events, no reason is shown why, like other simple contract creditors, the complainant should not first exhaust its remedy at law, or, at least, judicially establish its claim. Unless the complainant be in fact and in law a creditor of the decedent, it certainly could not maintain this action, even if other considerations did not prevent it. It is equally certain that it could not be regarded as a creditor if it should be determined at law or otherwise that its demand was not maintainable. It is quite clear, therefore, that it should establish its demand at law as the first step, and afterwards, if the executor does not pay the judgment, avail itself of any equitable remedy open to it. Here the correct order has been reversed, and what might possibly have been proper as the last step is attempted to be made the first.

2. Federal courts have no original jurisdiction in respect to the administration and general settlement of decedents' estates. Byers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906, 37 L. Ed. 867, and cases cited. What powers they may exert to enforce the rights of judgment creditors against executors, or whether they would entertain a suit brought by such creditors under section 428 of the Code, we need not now discuss.

3. But in any event it is perfectly competent for a creditor, by a suit at law in the federal courts (where other requisites of jurisdiction exist), to establish the validity of his claim, though, when he has obtained a judgment thereon which the personal representative does not satisfy, it seems that his debt thus established must ordinarily take its place with the other debts of its class, and for its enforcement against the estate of the decedent, if the executor does not pay it, the creditor must ordinarily go into such state court as may be charged with the duty of administering the estates of decedents, and such as may be competent to marshal the assets and distribute the estate in satisfaction of debts, and otherwise, according to local law. Yonley v. Lavender, 21 Wall. 276, 22 L. Ed. 536; Kittredge v. Race, 92

U. S. 121, 23 L. Ed. 488; Byers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906, 37 L. Ed. 867. Otherwise, where an estate is insolvent, a simple contract creditor, being a citizen of another state and having a claim for over $2,000, might come into the federal court, and by means of its process secure payment in full, while local and other creditors having no such opportunities might obtain only a small and much reduced pro rata. Herein is found one of the strong grounds for the doctrine announced in Yonley v. Lavender, 21 Wall. 279, 22 L. Ed. 536; and see, also, Byers v. McAuley. Equality among unsecured creditors of an insolvent estate can only be reached through leaving the general administration of estates to the state tribunals, which, unlike the federal courts in many instances, can obtain, by either actual or constructive service, jurisdiction over all parties having an interest in the res to be administered, whether they be citizens of the same state or not. There might be exceptions to this rule where the state courts refused to act, or where their long delay would defeat justice or show abdication of jurisdiction. Nor do the authorities cited control cases like Payne v. Hook, 7 Wall. 425, 19 L. Ed. 260, Hayes v. Pratt, 147 U. S. 557, 13 Sup. Ct. 503, 37 L. Ed. 279, and Comstock v. Herron, 55 Fed. 803, 5 C. C. A. 266, in which no general administration of a decedent's estate was sought, but only the enforcement by legatees or distributees of certain definite trusts, or some other equitable rights which do not involve such administration. Nor would they apply to mortgagees or other secured creditors.

We must not overlook the fact that there is a manifest difference between the case of an unsecured creditor, whose remedy is at law, and that of a legatee or distributee, whose remedy is always in equity, unless in cases where the executor has assented to the legacy. 1 Story's Equity, § 591. And it may be remembered that if a creditor's judgment is not given full faith and credit in the state court, a federal question arises which can be settled by the Supreme Court. Of course, other peculiar circumstances might make exceptions to the general rules mentioned, but none of those circumstances appear in this case.

It results that there is nothing to do but sustain the demurrer and dismiss the bill, with costs, but without prejudice to complainant's right to sue at law, and it will be so ordered, unless the plaintiff shall manifest a desire to amend.

(April 4, 1904.)

After the delivery of the foregoing opinion, the complainant filed an amendment to its bill. It shows that on December 5, 1903, 16 days before the complainant's original bill was filed in this court, the personal representative of Mary H. McClure had commenced a suit in equity in the Henderson circuit court, under section 428 et seq. of the Civil Code of Practice, to settle and distribute the estate of the decedent. To this suit complainant was not made a party. The showing thus made by the amended bill renders it perfectly obvious that, when this suit was brought, the state court had already acquired jurisdiction and control

over the subject of the general settlement and distribution of the decedent's estate, and it follows that there can be no doubt, even if any had before existed, that this case is clearly within the rules laid down in Byers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906, 37 L. Ed. 867, and other cases cited in my former opinion. True, it may be that the complainant may possibly be delayed or embarrassed by the Kentucky statute which forbids the institution of suits at law against personal representatives to recover judgments on demands against the decedent until six months have elapsed after his qualification, but even if such a statute can apply to actions in this court, still, under cases like Payne v. Hook, there does not seem to be any reason why, when the complainant has reduced its demand to judgment, it may not, by the proper proceeding in equity, on the executor's bond or against the persons who received them, secure its share of the assets of the decedent, even though they may have been distributed to heirs or legatees or creditors under the judgment of the state court in a suit to which complainant was not a party. Probably, under a qualified appearance for that purpose, and upon a showing of the facts, complainant might secure from the state court an order withholding from distribution enough of the estate to meet its demand when established. But whether all this be so or not, the question is now simply one concerning the equitable jurisdiction of this court. We hold that upon complainant's own averments this court has not now jurisdiction in equity to give the relief sought, and consequently we must sustain the demurrer to the bill as amended. Judgment will be entered sustaining the demurrer and dismissing the bill, with costs. The dismissal, however, should be without prejudice to complainant's right to bring such other suit in the premises as may be proper.