### BEAUMONT v. BEAUMONT.

(Circuit Court, D. New Jersey. March 21, 1906.)

1. ADMINISTRATORS—FOREIGN ADMINISTRATORS—RIGHT TO SUE.

An administrator cannot bring suit outside the state of his appointment, without statutory authority in the state where suit is brought.

[Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, § 2330.]

2. SAME—FEDERAL COURTS.

P. L. N. J. 1887, p. 154, provides that any administrator, by virtue of letters obtained in another state, may prosecute any action in any court of that state, as if his letters had been granted therein, provided that he shall first file in the office of the clerk of the court in which he is about to proceed an exemplified copy of his letters; and P. L. 1896, p. 173, authorizes any administrator to prosecute any action in any court of the state, as if his letters had been granted in this state, provided he file in the office of the register of the prerogative court an exemplified copy of his letters, on which filing, he is authorized to bring all necessary actions in any of the courts of the state. *Held,* that such acts conferred on a foreign administrator the right to sue in a federal court sitting in New Jersey, on filing of an exemplified copy of his letters with the clerk of the court.

3. SAME—APPOINTMENT OF ADMINISTRATOR—APPEAL—EFFECT.

Where an administratrix in the foreign state where her letters were originally granted, pending an appeal from the order granting the same, was entitled to sue to recover debts due her intestate, she was entitled, notwithstanding such appeal, to maintain an action for the same pur-

pose in New Jersey, under P. L. 1887, p. 154, and P. L. 1896, p. 173, authorizing a foreign administrator to sue in New Jersey on filing an exemplified copy of his letters, etc.

In Replevin. On rule to show cause.

James Buchanan and John Brooks Leavitt, for plaintiff.
Charles W. Fuller and Gilbert Collins, for defendant.

LANNING, District Judge. The defendant insists that the verdict in this case should be set aside on the ground that an executor or administrator cannot bring suit in a federal court in a district not within the state in which the letters testamentary or of administration were granted. In the present case the plaintiff received her letters of administration in the state of Pennsylvania. While the objection was not raised at the trial, and is now presented for the first time, it will be dealt with on its merits without regard to the question of waiver. Authorities need not be cited to the effect that an executor or administrator cannot bring suit outside of the state in which his letters were granted, without statutory authority in the state where suit is brought. The Legislature of New Jersey has granted such statutory authority. On April 9, 1887 (P. L. 1887, p. 154, being an amendment of the act in P. L. 1879, p. 28), an act was approved providing:

"That any executor or administrator, by virtue of letters obtained in another state may prosecute any action or sue out execution upon any judgment or decree in any court of this state as if his letters had been granted in this state; provided, that such executor or administrator shall first file in the office of the clerk of the court in which he is about to proceed an exemplified copy of his letters," etc.

On March 26, 1896 (P. L. 1896, p. 173), another act was approved, the material part of the first section of which is as follows:

"Any executor or administrator, by virtue of letters obtained in another state, may prosecute any action or sue out execution upon judgment or decree in any court of this state as if his letters had been granted in this state; provided, that such executor or administrator shall first file in the office of the register of the prerogative court an exemplified copy of his letters, and upon such filing may bring all necessary actions in any of the courts of this state," etc.

Assuming that the acts of 1887 and 1896 are both operative, the plaintiff in this case, before commencing suit, filed an exemplified copy of her letters in the office of the clerk of this court, and also in the office of the register of the prerogative court of the state of New Jersey. The point of the defendant's objection is that these acts authorize a plaintiff who has complied with their provisions to bring suit not in any federal court, but only in a court of the state of New Jersey. I consider the objection unsound. In Lawrence v. Nelson, 143 U. S. 215, 12 Sup. Ct. 440, 36 L. Ed. 130, it appears that an administrator who had obtained his letters in the state of Illinois filed a bill of review in the United States Circuit Court for the Eastern District of Arkansas, for the purpose of having that court set aside a decree previously entered by it against the administrator in a suit in which the administrator, though a resident of Illinois and not of

Arkansas, had voluntarily entered appearance. The bill of review was dismissed for want of equity, leaving the original decree against the Illinois administrator in full force and effect. Thereafter, the holders of the original decree filed a bill in equity in the Circuit Court of the United States for the Northern District of Illinois against the administrator, seeking to charge him, as administrator appointed in Illinois, with the amount of the decree recovered against him in the Circuit Court of the United States for the Eastern District of Arkansas. The bill was demurred to by the administrator for want of equity. The demurrer was overruled, and, on an appeal to the Supreme Court of the United States, that court raised the query whether the original decree could have been sustained if an appeal had been taken directly from it, in view of the general rule that an administrator's power to act, as well as his duty to account, is limited to the state from whose courts he derives his authority. "But," said the court, "the case does not rest there. The statutes of Arkansas provide that 'administrators and executors appointed in any of the states, territories or districts of the United States under the laws thereof may sue in any of the courts of this state in their representative capacity to the same and like effect as if such administrators and executors had been qualified under the laws of this state.'"

In commenting on the action of the Illinois administrator in filing his bill of review in the United States Circuit Court for the Eastern District of Arkansas, the Supreme Court said:

"In filing a bill to have the former decree set aside, upon the ground that it should not have been rendered against him as an Illinois administrator, he became himself the actor and submitted that question to a court of competent jurisdiction, and its decision upon that question, whether favorable or adverse to him, was equally conclusive of the matter adjudged."

And in Hayes v. Pratt, 147 U. S. 557, 13 Sup. Ct. 503, 37 L. Ed. 279, it appears that a Pennsylvania executor brought suit in the New Jersey court of chancery against a citizen of New Jersey. The defendant removed the case to this court, whose decree was appealed to the Supreme Court. The latter court upheld the jurisdiction of this court, against the objection that a Pennsylvania executor could not sue in New Jersey. The fact that that case was begun in the state court does not seem to me to be material. It certainly would not be, had the removal been made under the provisions of the present removal act of August 13, 1888, instead of the removal act of March 3, 1875, Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511; Mexican National Railroad v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563, 39 L. Ed. 672; Boston, etc., Mining Company v. Montana Ore Company, 188 U. S. at page 640, 23 Sup. Ct. 434, 47 L. Ed. 626; and Cochran v. Montgomery County, 199 U. S. at page 273, 26 Sup. Ct. 58, 50 L. Ed. ——.

The defendant's second ground for setting aside the verdict is, to quote the language embodied in the reasons filed in the cause:

"Because any right of the plaintiff to maintain an action as administratrix of Lucius S. Beaumont, deceased, was suspended by the appeal proved to have been taken from the decree refusing an issue on the legality of her appointment as such administratrix."

The case shows that an appeal of some kind was taken on November 27, 1905, while the cause in this court was in course of trial, from the orphans' court of Butler county, Pa., to the Supreme Court of Pennsylvania. The only proof concerning this appeal is a certificate of the prothonotary of the Supreme Court of Pennsylvania, dated November 27, 1905, certifying:

"That on the 27th day of November, Anno Domini one thousand nine hundred and five, the appeal of Charles Beaumont, John L. Beaumont, George A. Beaumont, Olive A. Pratt and Mary E. Gilbert, from the decree of the orphans' court of the county of Butler, in the state aforesaid, at Number 16 of June term, 1905, in re estate of Lucius S. Beaumont, deceased, in the said orphans' court of Butler county aforesaid, was filed in the Supreme Court of Pennsylvania aforesaid; and thereupon there was issued from the said Supreme Court of Pennsylvania, under the attestation of the Honorable James T. Mitchell, chief justice of said Supreme Court, on the said twenty-seventh day of November, Anno Domini one thousand nine hundred and five, the writ in the nature of a certiorari directed to the judges of the said orphans' court for the county of Butler, commanding them that the record and proceedings aforesaid, with all things touching the same, before the justices of the said Supreme Court to be holden at Pittsburgh in and for the western district on the third Monday of October, 1906, the said judges of the orphans' court for the county aforesaid do certify and send, that the justices of the said Supreme Court may further cause to be done thereupon that which of right and according to the laws of the said state ought."

In Shauffler v. Stoever, 4 Serg. & R. (Pa.) 202, suit was brought by Stoever, as administrator, against Shauffler, to recover a debt due to his intestate. The defendant pleaded that at the time of bringing the suit the plaintiff had been dismissed from his trust by the register's court, and his letters revoked. The plaintiff replied that he was administrator, etc. The court of common pleas, on the trial of the cause, charged the jury:

"That a decree of the register's court revoking letters of administration and directing them to issue to another person, which decree had been appealed from by the administrator, did not, while the appeal was pending and undetermined in the Supreme Court, suspend his power to proceed in the recovery of debts due to his intestate."

On reviewing the case the Supreme Court of Pennsylvania said:

"Pending the appeal, the letters of administration granted by the register were in force. Our opinion therefore is that the charge of the court of common pleas was right, and the judgment should be affirmed."

In Irwin v. Hanthorn (decided in 1896) 1 Pa. Super. Ct. 119, the facts were as follows: A paper purporting to be the last will and testament of A. Taylor Hoopes, deceased, dated May 17, 1888, was admitted to probate by the register of wills and letters testamentary granted to Thomas W. Pierce and E. Malin Hoopes on May 16, 1892. On December 1, 1892, the register vacated the decree of May 16, 1892, revoked the letters granted to Thomas W. Pierce and E. Malin Hoopes, and admitted to probate, as the last will and testament of A. Taylor Hoopes, a paper dated January 27, 1888, and one dated August 15, 1891, and granted new letters testamentary to Caleb H. Bradley. From this decree Thomas W. Pierce and E. Malin Hoopes immediately appealed to the orphans' court. On January 14, 1893, while

the appeal was pending, Thomas W. Pierce and E. Malin Hoopes, as executors, assigned a mortgage belonging to the estate of A. Taylor Hoopes to Thomas W. Pierce, trustee, to whom the terre-tenant, Hanthorn, subsequently, and before the appeal had been determined, paid the debt secured by the mortgage. The court held the payment valid, citing Shauffler v. Stoever, supra, and added that:

"Pierce, trustee, as assignee of the executors, whose letters had been revoked by the register, had all the authority which they possessed, and undoubtedly had the right to collect the amount of the mortgage from Hanthorn."

Assuming, therefore, that the appeal mentioned in the record of this case was an appeal from the decree granting letters of administration to the plaintiff herein (an assumption favorable to the defendant, but one which I think the facts do not warrant), the cases above referred to plainly indicate that her authority as administratrix was not suspended by the appeal, and that she had the right, within the state of Pennsylvania, to collect the assets of her intestate. Inasmuch as her letters of administration, while the appeal is pending, are valid within the state of Pennsylvania, they must be deemed valid in the state of New Jersey, for the limited purposes authorized by the New Jersey statutes above mentioned, after exemplified copies of the letters have been duly filed.

The third reason for setting aside the verdict is that the court erred in not charging the jury as requested by the defendant. I think there was no error in this respect. If there was, it can be corrected on a writ of error, for exceptions were duly taken.

The last reason argued by counsel is that the verdict was against the weight of evidence. The case is one in which the jury were required to consider not only the testimony of the witnesses, but their credibility. On that question, they were the judges, and their verdict cannot be disturbed without an invasion of their province.

The rule to show cause must therefore be dismissed.