## PULVER v. LEONARD et al.

(Circuit Court, D. Minnesota, Second Division. December 24, 1909.)

1. Courts (§ 262*)—United States Courts—Jurisdiction.

A Circuit Court of the United States has no jurisdiction in proceedings to probate a will, even in the case of diverse citizenship, for such a proceeding is neither an action at law nor a suit in equity. For the same reason, it has no jurisdiction to set aside the probate of a will; but, if the statutes of the state in which the property of the deceased is being administered give to its courts of general jurisdiction the right to entertain an original action to set aside the probate of a will, such a suit may be maintained in a Circuit Court of the United States, in case the parties are citizens of different states and more than $2,000 is involved.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 797, 798; Dec. Dig. § 262.*

Probate jurisdiction of federal courts, see note to Bedford Quarries Co. v. Thomlinson, 36 C. C. A. 276.]

2. Courts (§ 262*)—United States Courts—Jurisdiction.

A person entitled to a distributive share of the estate of a deceased person may maintain a suit in a Circuit Court of the United States against the administrator concerning his right to such share.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 797, 798; Dec. Dig. § 262.*]

3. EXECUTORS AND ADMINISTRATORS (§ 421*)—ACTIONS—NATURE AND FORM—LEGAL AND EQUITABLE.

A suit against an administrator, executor, or guardian in reference to the proper execution of his duty is equitable in its nature, for such persons are considered as trustees.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1663, 1667; Dec. Dig. § 421.*]

4. COURTS (§ 311*)—UNITED STATES COURTS—JURISDICTION.

A Circuit Court of the United States has jurisdiction of a suit by the guardian of the person and estate of an incompetent, the guardian residing in North Dakota, where she was appointed, to compel an accounting by a guardian first appointed, residing in Minnesota, where the amount involved is over $2,000.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 858; Dec. Dig. § 311.*]

5. EQUITY (§ 150*)—PLEADING—PARTIES.

A guardian of the person and estate of an incompetent, the guardian residing in North Dakota, where she was appointed, and where she and the incompetent resided, sued in a Circuit Court of the United States a guardian in Minnesota, who was first appointed, and alleged that such guardian held, as guardian, a note signed by others, secured by mortgage, and that he had wrongfully satisfied the mortgage under a pretended authority of a probate court of Minnesota, which license was procured by fraud, and an accounting was sought. Held, that the bill was not multifarious, and that makers of the note were properly joined as defendants.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 342, 371–379; Dec. Dig. § 150.*]

6. COURTS (§ 509*) — CONFLICTING JURISDICTION — STATE AND UNITED STATES COURTS.

The fact that the Minnesota probate court had approved the release did not deprive the federal court of power to set it aside, if obtained by fraud.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1364–1371; Dec. Dig. § 509.*]

7. GUARDIAN AND WARD (§ 170*)—ACTION BY FOREIGN GUARDIAN.

A guardian, as such, cannot maintain an action in a state other than the one in which he was appointed. Such an action can be maintained in a foreign state only by virtue of a statute of that state permitting it.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 570–573; Dec. Dig. § 170.*]

8. GUARDIAN AND WARD (§ 170*)—ACTION BY FOREIGN GUARDIAN—PLEADING.

Rev. Laws Minn. 1905, § 3842, provides that a guardian appointed in another state may sue in the state, but that he must file an authenticated copy of his letters in the probate court of the county where the ward's property is situated. Held, that a bill by a guardian was not demurrable for failure to allege a filing of a copy.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 570–573; Dec. Dig. § 170.*]

9. GUARDIAN AND WARD (§ 130*)—ACTION BY GUARDIAN—PLEADING.

Where a bill by a guardian, as such, showed that the suit was brought in her representative capacity, but the title did not show it, if necessary, the title might be amended.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 440–446; Dec. Dig. § 130.*]

In Equity. Suit by Bernice L. Pulver against Edmund P. Leonard and others. Demurrer to the bill overruled.

Charles G. Laybourn, for complainant.
Seager & Seager, for defendants.

WILLARD, District Judge. This case stands upon a demurrer to the bill, which alleges, among other things, that on January 23, 1903, there were issued out of the office of the judge of the probate court of Watonwan county, Minn., to the defendant Edmund P. Leonard, letters of guardianship over the estate of Byron C. Leonard, then and there adjudged by said probate court to be incompetent to have the management of his property; that in the spring of 1905 Byron C. Leonard removed from the state of Minnesota, and took up his residence in the state of North Dakota, and continued thereafter to reside with the oratrix, his sister, in the county of Ward, in the state of North Dakota; that thereafter the county court of said county of Ward, said court then having jurisdiction of the administration of the estates of incompetent persons, and jurisdiction over the person and estate of Byron C. Leonard, duly issued to the oratrix, on the 17th day of March, 1906, letters of guardianship over the person and estate of Byron C. Leonard; and that the oratrix is the duly authorized, qualified, and acting guardian of the person and estate of said Byron C. Leonard. The bill further alleges that the defendant Edmund P. Leonard has under his control in said county of Watonwan personal property belonging to the estate of Byron C. Leonard of the value of more than $5,000, and that he has wrongfully and unlawfully diverted the funds and property of said Byron C. Leonard to his own use, and that he has failed to report and account for certain sums of money which have come into his hands as guardian of the estate of said Byron C. Leonard; that the oratrix has, since her appointment as guardian as aforesaid, demanded that the said Edmund P. Leonard turn over to her the property and estate of the said Byron C. Leonard; and that said defendant has neglected and refused so to do. In the prayer of the bill it is asked, among other things, that the defendant Edmund P. Leonard be required to account to the oratrix for the funds and property belonging to said Byron C. Leonard which have come into his hands as guardian of this estate.

One of the grounds specified in the demurrer to the whole bill is that this court has no original jurisdiction of the subject-matter of the action, and it is urged by the defendants that the probate court of Watonwan county has exclusive jurisdiction of the matters set out in the bill, so far as they relate to any accounting by the defendant Edmund P. Leonard as guardian of the estate of Byron C. Leonard. The question thus presented, namely, to what extent the courts of the United States have jurisdiction over wills and the settlement of estates of deceased persons, has frequently come before the Supreme Court, and certain propositions have been established.

The Circuit Court of the United States has no jurisdiction in proceedings to probate a will, even in the case of diverse citizenship, for such a proceeding is neither an action at law nor a suit in equity. For the same reason it has no jurisdiction to set aside the probate of a will; but, if the statutes of the state in which the property of the deceased is being administered give to its courts of general jurisdiction the right to entertain an original action to set aside the probate of a will, such a suit may be maintained in the Circuit Court of the United States, in case the parties are citizens of different states and more than

$2,000 is involved. Farrell v. O'Brien, 199 U. S. 89, 25 Sup. Ct. 727, 50 L. Ed. 101.

"Foreign creditors may establish their debts in the courts of the United States, and the adjudications of those courts prevail, notwithstanding the fact that the laws of the states limit the right to prove such demands to proceedings in the probate courts of the states where the administrations are pending." Brun v. Mann, 151 Fed. 145, 80 C. C. A. 513, 12 L. R. A. (N. S.) 154 (Eighth Circuit); Security Trust Company v. Black River National Bank, 187 U. S. 211, 23 Sup. Ct. 52, 47 L. Ed. 147.

A person entitled to a distributive share of the estate of a deceased person may maintain a suit in the Circuit Court of the United States against the administrator concerning his right to such share. Payne v. Hook, 7 Wall. 425, 19 L. Ed. 260. So may an administrator appointed in Pennsylvania maintain in the Circuit Court of the United States a suit against an administrator appointed in New Jersey. Hayes v. Pratt, 147 U. S. 557, 13 Sup. Ct. 503, 37 L. Ed. 279.

In connection with such suits it has been held, however, that when the probate court of a state is administering the estate of a deceased person, the assets thereof are in the custody of the court, and that a judgment in such a suit against the administrator cannot have the effect to deprive said probate court of such possession. Byers v. McAuley. 149 U. S. 608, 13 Sup. Ct. 906, 37 L. Ed. 867; Ingersoll v. Coram, 211 U. S. 335, 29 Sup. Ct. 92, 53 L. Ed. 208. In such cases the judgment must be made out of the administrator personally, or out of his bondsman. Byers v. McAuley, supra.

While it may be true that all of the relief asked in this suit cannot be granted, it is apparent from the foregoing authorities that the probate court of Watonwan county has not exclusive jurisdiction concerning the accounts of Edmund P. Leonard as guardian.

A suit against an administrator or executor in reference to the proper execution of his duty is equitable in its nature, for such persons are considered as trustees. Green v. Creighton, 23 How. 90, 16 L. Ed. 419. If an executor or an administrator is a trustee, so must be a guardian.

The oratrix resides in the state of North Dakota, Edmund P. Leonard resides in the state of Minnesota, the matters set forth in the complaint are equitable in their nature, and the amount involved is more than $2,000. This court, therefore, has jurisdiction of the suit. .

In addition to Edmund P. Leonard, Edmund E. Leonard, and his wife, Jennie E. Leonard, are joined as defendants. The plaintiff alleges that Edmund P. Leonard, as guardian of Byron C. Leonard, held a note for $6,000, signed by the defendants Edmund E. Leonard and Jennie E. Leonard, that this note was secured by a mortgage upon certain real estate in Watonwan county specifically described in the bill, and that Edmund P. Leonard, assuming to act as the guardian of Byron C. Leonard, wrongfully and unlawfully satisfied and discharged said mortgage of record, and that this discharge was made under a pretended authority and license of the probate court of Watonwan county, which said license was wrongfully procured from the court by misrep-

resentation made thereto by Edmund P. Leonard. The bill prays, among other things, that the satisfaction of this mortgage may be canceled and annulled, and that the mortgage itself be reinstated, and that the same be foreclosed.

One of the grounds of the demurrer to the bill is that it is multifarious, and it is said that Edmund E. Leonard and Jennie E. Leonard are improperly joined as defendants. The purpose of the bill is to secure a full accounting from Edmund P. Leonard, and such accounting cannot be had without determining whether the mortgage of $6,000 ought or ought not to have been discharged. In the case of Payne v. Hook, 7 Wall. 425, 433, 19 L. Ed. 260, it is said:

"It is said the bill is multifarious, but we cannot see any ground for such an objection. A bill cannot be said to be multifarious unless it embraces distinct matters, which do not affect all the defendants alike. This case involves but a single matter, and that is the true condition of the estate of Fielding Curtis, which, when ascertained, will determine the rights of the next of kin. In this investigation all the defendants are jointly interested. It is true the bill seeks to open the settlements with the probate court as fraudulent, and to cancel the receipt and transfer from the complainant to the administrator, because obtained by false representations; but the determination of these questions is necessary to arrive at the proper value of the estate, and in their determination the sureties are concerned, for the very object of the bond which they gave was to protect the estate against frauds, which the administrator might commit to its prejudice."

The fact that the probate court approved this release does not deprive this court of the power to set it aside, if the order of the probate court was obtained by fraud. McDaniel v. Traylor, 196 U. S. 415, 25 Sup. Ct. 369, 49 L. Ed. 533. Edmund E. Leonard and Jennie E. Leonard are proper defendants, for the reasons stated. It is not necessary now to decide whether all the relief asked against them, including the foreclosure of the $6,000 mortgage, can or cannot be granted.

Another ground set out in the demurrer is that it does not appear from the bill that the plaintiff has the legal right and authority to maintain this suit. A guardian, as such, cannot maintain an action in a state other than the one in which he was appointed. Lawrence v. Nelson, 143 U. S. 215, 222, 12 Sup. Ct. 440, 36 L. Ed. 130. Such an action can be maintained in a foreign state only by virtue of a statute of that state permitting it. Lawrence v. Nelson, supra; Hayes v. Pratt, 147 U. S. 557, 13 Sup. Ct. 503, 37 L. Ed. 279. The statutes of Minnesota do permit a guardian appointed in another state to sue in this state. Rev. Laws Minn. § 3842. The Minnesota law, however, provides that the plaintiff must file an authenticated copy of his letters in the probate court of the county in which his ward's property is situated. There is no allegation in the bill that this has been done. That the suit cannot be maintained unless it has been done seems clear; but the question is whether the bill is demurrable for failure to allege a compliance with the statute. The case of Pope v. Waugh, 94 Minn. 502, 103 N. W. 500, seems decisive upon this point. The court there said:

"The failure of plaintiff to file the certified copy of his letters of administration went to his capacity to sue, and, not having been raised by answer, was waived. Section 5235, Gen. St. 1894, provides, in effect, that, when the legal capacity of the plaintiff to sue does not affirmatively appear upon the face of the complaint, objection must be taken by answer; if it does affirma-

tively appear, it must be taken by demurrer. Want of capacity to sue did not affirmatively appear from the complaint in this case."

In the title of the suit the complainant named is Bernice L. Pulver. The title does not say as guardian of Byron C. Leonard. It, however, sufficiently appears from the body of the bill that the suit is brought in her capacity as guardian, and, if necessary, the title can be amended, so as indicate that fact. The body of the bill shows the capacity in which she in fact sues.

The result is that the demurrer must be, and the same is, overruled, without costs, and the defendants shall answer the bill by the first Monday in February, 1910.