# LAWRENCE *v.* NELSON.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 1067. Submitted November 24, 1891. — Decided February 29, 1892.

An administrator, appointed in one State, who, after appearing and having judgment rendered against him as such in a suit in equity brought in another State, the laws of which authorize a foreign administrator to sue there, files a bill of review in the same court to reverse the decree, for the reason that, not being an administrator appointed by the courts of that State, he could not be sued there, is bound by the original judgment against him, if his bill of review is dismissed for want of equity.

The general equity jurisdiction of the Circuit Court of the United States to administer, as between citizens of different States, the assets of a deceased person within its jurisdiction cannot be defeated or impaired by laws of a State undertaking to give exclusive jurisdiction to its own courts.

THIS was a bill in equity, filed September 12, 1889, in the Circuit Court of the United States for the Northern District of Illinois, by William H. Nélson, a citizen of Indiana, and George M. French, a citizen of Arkansas, against Edward F. Lawrence, a citizen of Illinois, "as administrator of the estate of David Ballentine, deceased, and in his own right," seeking to charge him as administrator appointed in Illinois with the amount of a judgment recovered against him in the Circuit Court of the United States for the Eastern District of Arkansas. The material allegations of the bill were as follows:

That on May 10, 1878, David Ballentine died at Hot Springs in Arkansas, leaving a large real and personal estate, and a paper purporting to be his last will and testament, which was soon after admitted to probate, and letters testamentary issued to an executor named in the will, by the county court of Lake County in the State of Illinois; that on January 10, 1880, that court set aside the will and probate, and recalled the letters testamentary, and appointed Edward F. Lawrence "as administrator of the estate of the said David Ballentine, deceased," and he forthwith qualified as such, and took possession of the personal property; that the estate was abundantly solvent, and that all debts except the plaintiffs' had been paid in full.

That the plaintiffs were partners with David Ballentine in his lifetime in business at Hot Springs, and on November 27, 1878, brought a suit in equity in the Circuit Court of the United States for the Eastern District of Arkansas for the purpose of settling up the partnership accounts, and of securing from his estate the moneys justly due them; that in that suit the executor was duly served with process and entered an appearance, and that when the letters testamentary were recalled and Lawrence appointed administrator, as above stated, "the said Edward F. Lawrence, as administrator as aforesaid, was duly substituted as defendant in said suit instead of" the executor, "and said Lawrence thereupon duly appeared in said court and thereafter conducted said suit for said estate;" that on July 25, 1882, that court entered a final decree that "Edward F. Lawrence as administrator of David Ballentine, deceased," was indebted to the plaintiffs severally in the sum of

$1574.45, with interest, for their several shares of profits of the partnership received and held by Ballentine before his death, and should pay the same to them "out of the assets of the estate of said David Ballentine in his hands remaining to be administered," with costs; and that the defendant filed a petition for a rehearing, which was overruled on November 30, 1883.

. That on January 24, 1884, the defendant, seeking, with the consent and connivance of the heirs, to embarrass and defeat the plaintiff and to avoid the payment of said decree, falsely and fraudulently represented to the county court of Lake County that all debts and claims against the estate had been paid and the estate had been distributed among the lawful heirs, and thereby obtained from that court an order declaring a final settlement of the estate and discharging him as administrator.

That on November 3, 1884, the defendant, "as administrator of said estate, filed in said United States Circuit Court for the Eastern District of Arkansas his bill of review against the plaintiffs, in which said Lawrence set out the decree recovered by the plaintiffs against him in said court as aforesaid, and that the plaintiffs were about to proceed against him for the recovery of the moneys therein mentioned in the State of Illinois, and in said bill of review prays that, until the matters in said bill of review contained could be inquired into, the plaintiffs might be restrained by said court from prosecuting said decree or proceeding in any manner to collect the moneys therein mentioned, and that said original decree so recovered by the plaintiffs might be reviewed and reversed for the reasons: 1st. That the facts upon which said decree was rendered were false and contrary to the evidence. 2d. Because said decree was rendered against said Lawrence without service of process upon him or notice to him, or without any opportunity on his part to make defence thereto. 3d. Because of newly discovered evidence by said Lawrence in support of the defence to said suit. 4th. Because said Lawrence, being an administrator appointed not by the courts of Arkansas, but by the courts of Illinois, could not be sued in Arkansas."

That the plaintiffs, "as soon as said bill of review was filed and they received notice thereof, desisted and refrained from proceeding to collect said decree until the matters in said bill of review set out could be passed upon by said court, and to that end they appeared in said court and filed their answer to said bill of review, and the plaintiffs as expeditiously as possible caused said bill of review to be brought to a hearing, and upon such hearing, and on or about April 16, 1888, said Circuit Court for the Eastern District of Arkansas dismissed said bill of review for want of equity, by reason whereof the said original decree so recovered as aforesaid by the plaintiffs against said Lawrence remains in full force and effect, and the plaintiffs are advised that they are entitled to recover from said Lawrence and said estate the amounts therein decreed to the plaintiffs, with interest and costs of said suit."

That the plaintiffs did not appear or present their claim in the Lake County court, nor in any way become parties to its proceedings, nor receive any notice thereof, or of the defendant's intention to obtain a final settlement and discharge in that court, until more than two years after the order had been entered; and that the defendant "purposely avoided giving the plaintiffs notice of said intended application, and intentionally suppressed from the plaintiffs the knowledge of the said settlement and discharge, for the purpose of carrying out his said fraudulent scheme and purpose to defeat the plaintiffs in the collection of their said debts;" and that the defendant, while falsely claiming to have paid out and distributed the estate according to the order of the county court, still retained in his hands, with the connivance of the heirs and distributees, sufficient assets to pay and satisfy the decree obtained by the plaintiffs against him as aforesaid.

The bill prayed for an account, for payment of the plaintiffs' claim out of the assets of the deceased, or, if he had not now sufficient assets, but had paid them out since he had notice of their suit in the Circuit Court of the United States for the Eastern District of Arkansas, that he might be adjudged guilty of a *devastavit*, and be decreed to pay to the plaintiffs *de bonis propriis* the sums mentioned in the decree in that suit, and for further relief.

A demurrer to the bill for want of equity was heard before Mr. Justice Harlan and the Circuit Judge, and overruled, according to the opinion of the presiding justice. The defendant elected to stand by his demurrer; and admitted in open court that at the time of the entry of the decree of July 25, 1882, he, as administrator appointed in Illinois, had assets in his hands, after paying all other creditors, sufficient to satisfy that decree, and had since distributed those assets among the next of kin. A final decree was thereupon entered that the defendant pay to each of the plaintiffs the sum of $3136.67 and costs.

The defendant appealed to this court; and the judges certified that they were opposed in opinion upon several questions of law, substantially embodied in the following: ·

"1st. Whether it was competent for the administrator of David Ballentine, appointed under the laws of Illinois, to appear in the suit brought in the Circuit Court of the United States for the Eastern District of Arkansas by the plaintiffs herein, and submit himself to the jurisdiction of that court in respect to the matters involved in that suit?"

"6th. Whether the decree of July 25, 1882, recited in the bill, is void, simply because it was rendered against an administrator appointed in Illinois, voluntarily appearing therein and submitting himself to the jurisdiction of the court rendering the decree?

"7th. Did the decree of the Circuit Court of the United States for the Eastern District of Arkansas, rendered July 25, 1882, bind the defendant as the administrator of David Ballentine, deceased; appointed under the laws of Illinois, and the assets of the estate of said decedent in the State of Illinois in his hands as administrator, in the sense that the defendant was bound to pay said decree without further action against him or said estate by the plaintiffs, and, having settled said estate in and under the order of the county court of Lake County, Illinois, and obtained his discharge as such administrator from said county court without having paid said decree, is he, the defendant, now liable in this action?

"8th. Even if the decree of July 25, 1882, aforesaid was

not binding in the sense last above mentioned, did the said decree become binding, in the sense last above mentioned, by reason of and upon the rendition of the decree of the Circuit Court of the United States for the Eastern District of Arkansas on or about April 16, 1888, dismissing the bill of review in the plaintiffs' bill mentioned?"

*Mr. Henry A. Gardner* and *Mr. Willian McFadon* for appellant

The statue of limitations of Illinois, as to filing claims against the estate of a deceased person, binds a non-resident creditor. *Morgan* v. *Hamlet*, 113 U. S. 449.

It was not competent for the appellant as administrator by the appointment of the county court of Lake County, Illinois, to appear in the suit of appellees, brought in the Circuit Court of the United States for the Eastern District of Arkansas, and submit himself to the jurisdiction of that court. *Judy* v. *Kelly*, 11 Illinois, 211; *S. C.* 50 Am. Dec. 455; *McGarvey* v. *Darnall*, 134 Illinois, 367; *Durrie* v. *Blauvelt*, 49 N. J. Law (20 Vroom) 114; *Caldwell* v. *Harding*, 5 Blatchford, 501.

The rule is uniform that no action can be maintained against an administrator, founded on a debt due from the estate of the decedent, unless such administrator has been qualified by a probate tribunal in the state and county where the suit is brought. *Caldwell* v. *Harding*, 5 Blatchford, 501; *Vaughan* v. *Northup*, 15 Pet. 1; *Mellus* v. *Thompson*, 1 Cliff. 125; *Kerr* v. *Moon*, 9 Wheat. 565; *Peale* v. *Phipps*, 14 How. 368; *Judy* v. *Kelly*, 11 Illinois, 211; *S. C.* 50 Am. Dec. 455; *Aspden* v. *Nixon*, 4 How. 467; *Johnson* v. *Powers*, 139 U. S. 159; *Low* v. *Bartlett*, 8 Allen, 259.

Suppose that the appellant had been appointed by proper legal authority, and by one of the probate courts within the State of Arkansas, administrator of the estate of David Ballentine, deceased, and the same decree of July 25, 1882, had been recovered against him in the Circuit Court of the United States for the Eastern District of Arkansas, it is clear that such decree of July 25, 1882, would have no binding effect

upon the assets being administered by appellant as administrator under appointment by one of the probate courts of Illinois, and that such decree rendered by the Circuit Court of the United States, for the Eastern District of Arkansas would not have been evidence against appellant as administrator in Illinois of any debt, and that, notwithstanding such decree of July 25, 1882, against him as an Arkansas administrator, the appellees, had they sued in Illinois, must have sued appellant as administrator in the courts· of Illinois, not upon the said decree, but upon the original cause of action on which the said decree was recovered.

Now, it being the fact that appellant never was appointed administrator by any court of Arkansas, can it be logically contended that the decree of July 25, 1882, rendered against him in Arkansas, should have any greater force against him as administrator appointed by and administering the estate of David Ballentine, deceased, in the county court of Lake County, Illinois, than the same decree would have had, had he been properly appointed administrator by the proper court in Arkansas? It seems to us that the statement of the position carries with it its own refutation.

The dismissal of the bill of review mentioned in the bill of complainant on April 16, 1888, could give no greater force to the decree of July 25, 1882, than it had in the first instance by reason of its rendition. 2 Daniell, Ch. Pract. §§ 1582, 1585.

*Mr. Henry S. Robbins* for appellees.

MR. JUSTICE GRAY, after stating the case as above, delivered the opinion of the court.

The claim of each appellee being for less than $5000, the jurisdiction of this court is limited to the questions of law presented by the certificate of division of opinion between the judges of the Circuit Court. *Chicago Union Bank* v. *Kansas City Bank*, 136 U. S. 223.

The defendant was appointed administrator of David Ballentine's estate in Illinois only. As such administrator, he

appeared in and defended the suit brought by these plaintiffs in the Circuit Court of the United States in Arkansas. By the final decree in that suit it was adjudged that he, "as administrator of David Ballentine, deceased," was indebted to the plaintiffs in certain sums, and that he pay those sums to them "out of the assets of the estate of said David Ballentine in his hands remaining to be administered." In that suit he filed a petition for a rehearing, which was overruled.

The manifest intent and purport of that decree was to charge him, as administrator appointed in Illinois, with the payment of the plaintiffs' claims out of the assets in his hands as such administrator. If this case were before us on appeal from that decree, it might be doubtful, to say the least, whether the decree should be affirmed — in view of the general rule that an administrator's power to act, as well as his duty to account, is limited to the State from whose courts he derives his authority, and that therefore he cannot sue or be sued in another State in which he has not been appointed administrator. *Vaughan* v. *Northup*, 15 Pet. 1; *Aspden* v. *Nixon*, 4 How. 467; *Stacy* v. *Thrasher*, 6 How. 44; *Johnson* v. *Powers*, 139 U. S. 156; *Reynolds* v. *Stockton*, 140 U. S. 254, 272; *Judy* v. *Kelly*, 11 Illinois, 211; *McGarvey* v. *Darnall*, 134 Illinois, 367.

But the case does not rest there. The statutes of Arkansas provide that "administrators and executors appointed in any of the States, Territories or districts of the United States, under the laws thereof, may sue in any of the courts of this State, in their representative capacity, to the same and like effect as if such administrators and executors had been qualified under the laws of this State." Arkansas Digest, 1874, § 4473. In accordance with that statute, the defendant, within a year after the overruling of his petition for a rehearing, filed a bill of review, alleging that these plaintiffs were about to proceed against him for the recovery of those sums in the State of Illinois, and praying for a review and reversal of that decree for several reasons, one of which was that he, "being an administrator appointed not by the courts of Arkansas, but by the courts of Illinois, could not be sued in

Arkansas;" and that bill, upon a hearing, was dismissed for want of equity.

The decree dismissing the bill of review for want of equity was a conclusive adjudication upon the merits. The point that the plaintiff in review, being an administrator appointed in Illinois only, could not be sued in Arkansas, was apparent upon the face of the record of the decree sought to be reviewed, was stated in the bill of review, was necessarily involved in the decree dismissing that bill, and was thereby conclusively adjudged against the plaintiff in review, the original defendant. In filing the bill to have the former decree set aside upon the ground that it should not have been rendered against him as an Illinois administrator, he became himself the actor, and submitted that question to a court of competent jurisdiction, and its decision upon that question, whether favorable or adverse to him, was equally conclusive of the matter adjudged. *Lyon* v. *Perin & Gaff Co.*, 125 U. S. 698; *Whiting* v. *Bank of United States*, 13 Pet. 6; *Biddle* v. *Wilkins*, 1 Pet. 686; *Jewsbury* v. *Mummery*, L. R. 8 C. P. 56.

Whatever doubt may have existed as to the validity of the former decree, as binding the assets of the deceased in the hands of the administrator, before the decree upon the bill of review, is removed by the latter decree; and, by the effect of this decree, the former decree must be treated, for the purposes of this case, as a judgment rendered by a Federal court of competent jurisdiction, and binding the assets of his intestate in his hands, just as if it had been rendered in a Federal court held in the State of Illinois.

This being so, the plaintiffs' claim was not barred by the omission to file it within two years in the county court of Lake County, according to the statutes of Illinois, or by the settlement of the estate and the discharge of the administrator in that court. Illinois Rev. Stat. 1874, c. 3, §§ 60, 70, 111. Such would seem to be the result of the decisions in Illinois. *Darling* v. *McDonald*, 101 Illinois, 370; *Diversey* v. *Johnson*, 93 Illinois, 547. But, however that may be, the general equity jurisdiction of the Circuit Court of the United States to administer, as between citizens of different States, the

assets of a deceased person within its jurisdiction cannot be defeated or impaired by laws of a State undertaking to give exclusive jurisdiction to its own courts. *Green* v. *Creighton*, 23 How. 90; *Payne* v. *Hook*, 7 Wall. 425. In *Morgan* v. *Hamlet*, 113 U. S. 449, cited by the appellant, the state statute in question was a mere statute of limitations, clearly applicable to suits in the Circuit Court of the United States, held within the State. *Michigan Insurance Bank* v. *Eldred*, 130 U. S. 693; 696.

The eighth question certified must therefore be answered in the affirmative, and this renders it unnecessary to give a definite answer to any of the other questions.

*Decree affirmed.*