PUGET SOUND ELECTRIC RY. v. LEE et al., as Members of the Public Service Commission of Washington.

(District Court, W. D. Washington, N. D.  August 25, 1913.)

No. 2,390.

JUDGMENT (§ 828*)—RES JUDICATA—REVIEW OF ORDER OF RAILROAD COMMISSION—WASHINGTON STATUTE.

Laws Wash. 1909, c. 93, creating a public service commission with power to regulate railroad rates, which gives to a railroad company the right to maintain a suit in the superior court to review any order of the Commission, with the further right of appeal to the Supreme Court of the state, is within the provisions of the state Constitution and provides for a full review by judicial tribunals which when exercised renders the matter res judicata; and a railroad company, having availed itself of such remedy, cannot thereafter maintain a suit in a federal court to restrain the enforcement of an order which has been sustained by the state courts. In case conditions change after an order has been made so as to render it unjust or unreasonable, the remedy is by a petition for rehearing before the Commission.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1504–1509; Dec. Dig. § 828.*]

In Equity. Suit by the Puget Sound Electric Railway against George A. Lee, Jesse S. Jones, and Harry E. Wilson, as members of the Public Service Commission of the State of Washington. On motion to dismiss. Motion sustained.

Jas. B. Howe, of Seattle, Wash., and John A. Shackleford, of Tacoma, Wash., for complainant.

W. V. Tanner and Stephen V. Carey, both of Olympia, Wash., and Peters & Powell, of Seattle, Wash., for defendants.

NETERER, District Judge. The complainant owns and operates a railway line between the cities of Seattle and Tacoma. It seeks to enjoin the enforcement of an order of the Public Service Commission of the state of Washington fixing rates for the carriage of passengers, which it claims are confiscatory. Complainant obtained a writ of review from the superior court of the state and an order superseding the enforcement of the orders of the Commission pending the hearing. The superior court affirmed the order of the Commission, and an appeal was prosecuted to the Supreme Court of the state, where the judgment of the superior court was affirmed. The complainant alleges that it thereafter operated its line of railway under the tariff rates as established by the Commission, and that the operation thereof instead of paying 7 per cent. upon the investment, as estimated by

the Commission, has paid less than 2 per cent. and is confiscatory of the property of the complainant. The defendants claim on this hearing that the complainant selected its forum in which its rights were adjudicated, and that the decisions of the court of the state is res judicata.

The matter comes on before this court on a motion to dismiss under rule 29 of the rules of practice for the courts of equity of the United States (198 Fed. xxvi, 115 C. C. A. xxvi). The sole question to be determined at this time is whether the decision of the state court is res judicata.

The provisions of the Washington Constitution bearing on the subject are:

Article 2, § 1:

"The legislative powers shall be vested in a senate and house of representatives, which shall be called the Legislature of the state of Washington."

Article 4, § 1:

"The judicial power of the state shall be vested in a supreme court, superior courts, justices of the peace, and such inferior courts as the Legislature may provide."

Article 12, § 18:

" * * * A railroad and transportation commission may be established, and its powers and duties fully defined by law."

The duties of the above-named branches of government are separate and distinct, one judicial and the other legislative. Each has a distinct function.

Chapter 93 of the Laws of 1909, being the act of the Legislature under which the original order of the Commission was entered, provides in section 3, p. 198:

"Any railroad, * * * affected by the order of the Commission and deeming it to be contrary to law, may institute proceedings in the superior court of the state of Washington, in the county in which the hearing before the Commission upon the complaint had been held, and have such order reviewed and its reasonableness and lawfulness inquired into and determined. * * * If however, said action in review is instituted within said time the said railroad, * * * company shall have the right of appeal or to prosecute by other appropriate proceedings, from the judgment of the superior court to the Supreme Court of the state of Washington, as in other civil cases."

Section 6, p. 202:

"All process herein provided for shall be served as in civil cases; issues shall be made up without delay as nearly as practicable as in civil cases."

Subdivision "b," same section, p. 204:

"The chairman and each of the commissioners * * * shall have power to * * * issue subpœnas for the attendance of witnesses, and the production of papers, way bills, books, accounts, documents and testimony. The superior court of the county in which any proceedings under this act may be instituted, shall have power to compel the attendance of witnesses and the production of papers, way bills, books, accounts, documents and testimony as required by said subpœna * * * and upon failing to obey said order, * * * said witness shall be dealt with as for contempt of court."

Section 12, p. 212:

"Such review shall be heard by the court without the intervention of a jury and shall be heard upon the evidence and exhibits taken before the Commission and certified to by it; and the court before which such hearing is had, in case it finds such findings so sought to be reviewed unjust, incorrect, unreasonable, unlawful or not supported by the evidence, shall make new and correct findings to take the place of such as may not be sustained, unless such findings are set aside and reversed for error on the part of the Commission in rejecting evidence properly proffered, in which case it shall remand said hearing to the Commission with instructions to receive the evidence so proffered and rejected and make findings of fact on the evidence so proffered and that already received. * * * In case the Supreme Court finds any findings so sought to be reviewed unjust, incorrect, unlawful or unreasonable, or not supported by the evidence, it shall either make or render proper findings or remand the same to the superior court with instructions to make proper findings on the evidence already submitted, unless the same is reversed for error in rejecting evidence properly proffered, in which case the hearing shall be remanded to the Commission with instructions to receive the evidence so proffered and make findings on the evidence so proffered and rejected, and that already received."

The legislative enactment is clearly within the constitutional provisions; and every opportunity for judicial review, with compulsory process for attendance of witnesses and production of documents and right of cross-examination, accorded. The hearing before the court is one of original cognizance, tried, it is true, upon the evidence presented to the Commission; but the method of trial is one clearly within the Legislature to prescribe, so long as no right is withheld. No right was withheld here, for all evidence offered to the Commission was presented to the superior and Supreme Courts. Puget Sound Elec. Ry. Co. v. Railroad Commission, 65 Wash. 75, 117 Pac. 739, Ann. Cas. 1913B, 763; State ex rel. Railroad Commission v. Great Northern Ry. Co., 68 Wash. 257, 123 Pac. 8.

The Supreme Court of the United States, in Oregon R. R. & N. Co. v. Fairchild, 224 U. S. 510, 32 Sup. Ct. 535, 56 L. Ed. 863 (Justice Lamar), said in passing upon this same act, in substance: The act provided and the Supreme Court recognized an adequate opportunity to be heard before the Commission, and then provided for a judicial review by authorizing the company to test the validity of the order in the superior court, according to the company the right to cross-examine witnesses produced on the part of the Commission and the privilege of offering evidence on every material matter to the investigation, so that the matter of the lawfulness and reasonableness of the regulation could be determined, and—

"having been given full opportunity to be heard on the issues made by the complaint and answer and as to the reasonableness of the proposed order, and having adopted the statutory method of review, this company cannot complain."

And on page 527 of 224 U. S., on page 539 of 32 Sup. Ct. (56 L. Ed. 863), the court further says:

"Nor would there be any impairment of the right to a judicial review, because additional testimony could not be submitted to the chancellor. The statute enlarges what this court has recognized to be proper practice in equity cases attacking such regulations. There the hearing is de novo and there

is no prohibition in equity against offering all competent evidence to prove that the order was unreasonable."

The court then quotes with approval from Cinn., N. O. & Tex. Pac. v. I. C. C., 162 U. S. 184, 196, 16 Sup. Ct. 700, 705 (40 L. Ed. 935), the following:

"We think this a proper occasion to express disapproval of such a method of procedure on the part of the railroad companies as should lead them to withhold the larger part of their evidence from the Commission, and first adduce it in the Circuit Court. * * * The theory of the act evidently is, as shown by the provision that the findings of the Commission shall be regarded as prima facie evidence, that the facts of the case are to be disclosed before the Commission."

In support of the motion to dismiss, the defendants, in addition to Railway Co. v. Fairchild, supra, cite and rely upon Detroit & M. R. Co. v. Michigan Railroad Commission (D. C.) 203 Fed. 864, decided March, 1913. The provisions of the Constitution of Michigan, under consideration by the court, provide:

Article 4, § 1:

"The powers of government are divided into three departments: The legislative, executive and judicial.

Section 2:

"No person belonging to one department shall exercise the powers properly belonging to another, except in the cases expressly provided in this Constitution."

Article 12, § 7:

"The Legislature may, from time to time, pass laws establishing reasonable maximum rates of charges for the transportation of passengers and freight on different railroads in this state. * * *"

The Michigan Railroad Commission Act of 1909 (Pub. Acts 1909, No. 300) § 26, provides:

"Any common carrier * * * being dissatisfied with any order of the Commission * * * may commence an action in the Circuit Court in chancery against the Commission as defendant to vacate and set aside any such order on the ground that the rate or rates * * * are unlawful or unreasonable. * * * Any party to such suit may introduce original evidence in addition to the transcript of evidence offered to said Commission, and the Circuit Courts in chancery are hereby given jurisdiction of such suit and empowered to affirm, vacate or set aside the order of the Commission in whole or in part, and to make such other order or decree as the courts shall decide to be in accordance with the facts and the law. * * *

"(c) If, upon the trial of said action, evidence shall be introduced by the complainant which is found by the court to be different from that offered upon the hearing before the Commission, or additional thereto, the court, before proceeding to render judgment, * * * shall transmit a copy of such evidence to the Commission. * * * Upon receipt of such evidence the Commission shall consider the same, and may alter, modify, amend or rescind its order relating to such rate or rates, * * * and shall report its action thereon to the said court within ten days from the receipt of such evidence. * * * If the original order shall not be rescinded or changed by the Commission, judgment shall be rendered upon such original order.

"(d) Either party * * * may appeal to the Supreme Court, which appeal shall be governed by the statute governing chancery appeals."

Justices Knappen and Denison, Circuit Judges, and Tuttle, District Judge, in reviewing the Michigan Railway Commission Act, in the last-named case, said:

"It follows that the right of the railway company to such a review as any court could give became fixed when the order of the Commission was promulgated; that, to prevent an invasion of its legal right, the railway company could resort to any court of competent jurisdiction; and that, having selected the Wayne Circuit Court in chancery, and having submitted its controversy to that court, and judgment having been rendered against complainant by that court and by the Supreme Court of Michigan, the railway company cannot now try the same controversy over again in this court."

The complainant contends that the case at bar is controlled by the case of Prentis v. Atlantic Coast Line, 211 U. S. 210, 29 Sup. Ct. 67, 53 L. Ed. 150, which was an action appealed from the courts of Virginia. The Constitution of Virginia, art. 3, provides:

"Except as hereinafter provided, the legislative, executive, and judiciary departments shall be separate and distinct, so that neither exercise the powers properly belonging to either of the others, nor any person exercise the power of more than one of them at the same time."

Article 12, § 156:

"The State Corporation Commission shall be a department of government, * * * shall have power * * * of supervising, * * * and controlling all transportation, * * * prescribe * * * rates, * * * and fix rules and regulations * * * governing such companies."

It is further provided that before fixing any rate the company affected must be given ten days' notice of time and place where the matter will be heard; and, where a general order is designed to be made, notice of time and place of hearing must be published for four weeks. At the hearing objection may be urged. The authority of the Commission to fix rates is paramount. An appeal is provided in like manner as appeals to the Supreme Court of Appeals when taken from an inferior court, but only to the Supreme Court of Appeals, which has power to reverse, correct, or annul, and, when an order of the Commission is reversed, the court shall at the same time substitute therefor each order as in its opinion the Commission should have made at the time of entering the order appealed from without reference to the Commission; and the substitute order shall have the same force and effect as if it had been entered by the Commission at the time the original order was entered. It will thus be seen that the court, instead of exercising judicial powers, acted also as a legislative body. The Supreme Court in that case declined to assume jurisdiction and dismissed an appeal without prejudice upon the ground that an appeal had not be prosecuted from the order of the Commission to the Supreme Court of the state. Justice Holmes said:

"Considerations of comity and convenience have led this court ordinarily to decline to interfere by habeas corpus where the petitioner had open to him a writ of error to a higher court of the state, in cases where there was no merely logical reason for refusing the writ. The question is whether somewhat similar considerations ought not to have some weight here."

An examination of the Constitutions and laws of Virginia, Washington, and Michigan will disclose similar provisions as to Michigan

and Washington. Virginia differs from these two states in that it makes the Supreme Court of the state a part of the Corporation Commission, making its functions legislative, so far as the Commission is concerned, rather than judicial. Washington and Michigan provide for court trials, require reference to the Commission by the court where error is found in rejection of testimony by the Washington court or new evidence received by the Michigan court; and final judgment is entered only when matter is submitted to the court upon all the evidence considered by the Commission. The Virginia Court of Appeals passes upon the matter finally without reference to the Commission, irrespective of error, and as a part of the rate-making body. It appears that a full and fair hearing of the matter here presented was had in the state courts.

It is further contended by the complainant that new matters have arisen since the adjudication by the Washington Supreme Court which would permit it to maintain its action in the federal court. For any changed conditions since the issuance of the order, or a result injuriously affecting the complainant which was not anticipated, provision is made by the laws whereby a remedy is provided before the Public Service Commission. Laws of 1911, c. 117, § 89, p. 600, provide:

"The Commission may, in its discretion, permit the filing of a petition for rehearing at any time."

This is a clause inserted in the law to meet such a contingency. While this does not open to complainant a writ of error to a higher court in the state, it is a remedy provided before the rate-making body having complete jurisdiction. The court cannot presume that the remedy provided is impotent. The language of Justice Holmes aptly applies here. The matters alleged as having arisen since the submission to the Washington court are not sufficient to give this court jurisdiction. We repeat the language of the district court of Michigan. The complainant having selected its forum, having submitted its controversy to the Washington state court, and judgment having been rendered against it by that court and the Supreme Court of Washington, cannot now try the same controversy over again in this court.

The motion to dismiss is sustained.