**CAMPBELL RIVER MILLS CO., Limited, et al. v. CHICAGO, M., ST. P. & P. R. CO.**

No. 402.

District Court W. D. Washington, N. D.

July 11, 1930.

The plaintiff, owner of a large contiguous tract of timber lying in British Columbia and the United States, northerly of a place known as Columbia Valley in the United States, in 1922 constructed a logging railroad into this land from the United States for the purpose of logging the same, and made physical connection, with the consent of the defendant, with the defendant's railroad at Columbia. The logging road is, and was, a private carrier. It owned a locomotive and operated it with its own crew, and used logging trucks furnished by the defendant for bringing the logs from the forest and placing them upon the siding connected with the defendant railroad for delivery for shipment to Bellingham, Wash. The logs delivered for shipment and shipped, taken from either side of the boundary, cannot be segregated. A bill of lading was issued by the defendant's agent at Sumas, transporting the logs from Columbia to Bellingham, at which point they were dumped into Bellingham Bay and delivered to the plaintiff. The plaintiff thereafter sold approximately 10 per cent. of the logs to purchasers at Bellingham, after paying import duty and obtaining export permit from the Canadian government, and by its tugs towed the unsold logs to its mill at White Rock, British Columbia, for manufacture into lumber.

In 1924 the plaintiff made complaint to the Department of Public Works of Washington that it was charged in excess of the local tariff rate. The plaintiff also filed complaint with the Interstate Commerce Commission, which tentatively reported that the Interstate Commerce Commission had not jurisdiction. Upon hearing before the Department of Public Works of Washington, the department found that, instead of paying $2.19, the local tariff rate, the plaintiff had been required to pay $2.42½ per thousand feet. The defendant company thereupon sought review before the proper court of Washington, and, upon hearing, the finding of the department was affirmed. An appeal was prosecuted to the Supreme Court of the state, where, after hearing, the judgment of the lower court was affirmed. A petition was presented to the Supreme Court of the United States for a writ of certiorari; this was denied. Thereafter, on June 30, 1929, the Department of Public Works computed the overcharge and awarded to the plaintiff the sum of $44,365.92, and $13,319.51 interest to that date, and 6% on the said principal sum from that date until paid. No payment being made, this action was instituted in the proper court of the state of Washington pursuant to the provisions of section 10433, Rem. Comp. Stat. of Washington, and was thereafter removed on defendant's petition to this court.

The findings and order of the Department of Public Works of Washington and the supplemental order are admitted. The defendant denies the jurisdiction of the Department of Public Works of Washington over the subject-matter to consider or determine the plaintiff's complaint, for the reason that the transportation services rendered by the de-

fendant constitute a part of commerce between a foreign country and the United States within the exclusive jurisdiction of the Congress of the United States by virtue of section 8, art. 1, of the Constitution, and that the rates charged were applicable to foreign and interstate commerce in harmony with the tariffs filed with the Interstate Commerce Commission. The plaintiff asserts that the judgment affirming the findings and order of the Department of Public Works is res adjudicata.

At the hearings before the Department of Public Works of Washington, counsel for the railroad company objected to the jurisdiction of the department, and has consistently maintained upon the record this status.

The review sought in the superior court of the state and the appeal from such judgment to the Supreme Court of the state of Washington were taken pursuant to the laws of the state of Washington relating to the review by the courts of the findings and orders of the Department of Public Works of Washington. Sections 10428, 10430, 1716–1722, Rem. Comp. Stat. of Washington 1922.

Upon filing the opinion affirming the judgment of the lower court by Department 1 (State ex rel. C., M. & St. P. R. Co. v. Department of Public Works, 149 Wash. 129, 270 P. 300), a petition for rehearing en banc was filed, and this was thereafter denied.

The pertinent sections are the sections, supra, and section 10433, which provides, on complaint of excessive charges, the commission, after investigation finding the charge exorbitant, may order that the public service company pay the amount thus overcharged with interest to date of collection, and, if not paid within the limit fixed by the order, suit may be instituted in a court of competent jurisdiction to recover the same, and the findings and order of the commission shall be prima facie evidence of the facts therein stated, and, if complainant prevails, he shall be allowed reasonable attorney's fees to be fixed and collected as part of the costs of the suit.

Walter B. Whitcomb, of Bellingham, Wash., for plaintiffs.

F. M. Dudley and A. J. Laughon, both of Seattle, Wash., for defendant.

NETERER, District Judge.

■ The state court admittedly had jurisdiction of the parties, but defendant challenges its jurisdiction of the subject-matter. Regulation of interstate commerce is exclusive in the federal courts only in exceptional cases where the jurisdiction is restricted by Congress. Grubb v. Public Utilities of Ohio, etc., 281 U. S. 470, 50 S. Ct. 374, 74 L. Ed. 972, decided May 19, 1930. There is no restriction here. This identical issue, the validity of the order of the Public Service Commission, was presented to and determined by the state court. The computation as to the amount of recovery in the supplemental order is not questioned. Every available ground to challenge the order was necessarily presented. The judgment was upon the merits, and, unless judicial infirmity appears, the judgment of the state court is res adjudicata. Grubb v. Public Utilities of Ohio, etc., supra.

■ The federal court will not disregard the construction placed upon a state statute by the highest court of the state, especially if it involves giving the statute one meaning for the purpose of determining whether the acts in question are within its terms, and another meaning for the purpose of escaping the federal question. Baccus v. Louisiana, 232 U. S. 334, 34 S. Ct. 439, 58 L. Ed. 627.

The Interstate Commerce Act, as amended Acts of Cong. June 29, 1906 (34 Stat. 584), April 13, 1908 (35 Stat. 60); June 18, 1910 (36 Stat. 539), May 29, 1917 (40 Stat. 101), August 10, 1917 (40 Stat. 272), and February 28, 1920 (41 Stat. 456) applies to common carriers engaged in transportation of property under a common control for continuous shipment, but does not apply to goods of foreign origin but not *shipped* from a foreign country.

■ "Shipment" is the act of dispatching or delivery on board of the carrier. Fisher v. Minot, 76 Mass. (10 Gray) 260; Ledon v. Havemeyer, 121 N. Y. 179, 24 N. E. 297, 8 L. R. A. 245; Schmertz v. Dwyer, 53 Pa. 335; State v. Carson, 147 Iowa, 561, 126 N. W. 698, 140 Am. St. Rep. 330. A common carrier is one who undertakes to transport for hire from one place to another goods for such as employ him. Bay v. Merrill & Ring Lbr. Co. (D. C.) 211 F. 717, 720. A concern is not a common carrier carrying only its own products. Bay v. Merrill & Ring Lbr. Co., supra. See, also, Nordgard v. Marysville & N. R. Co. (D. C.) 211 F. 721, affirmed (C. C. A.) 218 F. 737; Id., 243 U. S. 36, 37 S. Ct. 374, 61 L. Ed. 578.

The logs in issue had not entered commerce until committed for *shipment*. Commerce is a practical legal conception drawn from the course of business. Savage v. Jones, etc., 225 U. S. 501, 32 S. Ct. 715, 56 L. Ed. 1182. There is a distinction between interstate commerce and interstate transportation.

One is governed by the nature of the business; the other by the nature of the particular transportation. "Commerce" is within inhibitions of the Sherman Act (15 USCA §§ 1–7, 15), but "transportation" may have no relation to interstate rates on shipment of the same goods within the same state. Atl. Coast Line R. Co. v. Standard Oil (C. C. A.) 12 F.(2d) 541, 547, 60 A. L. R. 1456; Atl. C. L. R. Co. v. R. R. Com. of Georgia (D.-C.) 281 F. 321, See, also, C., M. & St.·P. R. R. Co. v. Iowa, 233 U. S. 334, 34 S. Ct. 592, 58 L. Ed. 988; Gulf, C. & S. F. R. Co. v. Texas, 204 U. S. 403, 27 S. Ct. 360, 51 L. Ed. 540.

The defendant railroad company had nothing to do with the transportation prior to delivery to it for *shipment* by the plaintiff. Atl. Coast Line R. Co. v. Standard Oil Co., supra. There was no joint arrangement or common control, even though the logging trucks were furnished for loading prior to hauling over the private logging road of plaintiff and delivery on defendant's siding, for shipment by defendant. C., M. & St. P. R. Co. v. Iowa, supra. The issue is not the relation of the logs to public policy, but relation of transportation to the logs. The logs were of foreign origin, and this inhered, irrespective of transportation, but this origin does not ipso facto attach to the initial shipping point for transportation. Hauling the logs across the boundary line over plaintiff's private logging road is not "under regulation of the Interstate Commerce Act" (Atl. Coast Line R. Co. v. Railroad Commission of Georgia, supra), and the Interstate Commerce Commission found it had not jurisdiction to consider the lawfulness of the rate assailed; and the view of the Commission was recognized by the Supreme Court in declining to review the decision of the Supreme Court of the state when the issue was directly presented as the federal question involved. The Department of Public Works and the state court had jurisdiction of the parties and subject-matter.

While denial of certiorari is not viewed in the light of final judgment upon the issue, it is in the instant case most persuasive. While the granting or refusal of the petition for the writ adds or withholds no sanction to the decision, rule 38 [former rule 35] of the Revised Rules of the Supreme Court (28 USCA § 354) says a review on writ of certiorari is not a matter of right, but of sound judicial discretion, and will be granted only where there are especially important reasons therefor, such as *where a state court has decided a federal question not determined by the Supreme Court,* or probably not in accord with the decisions of that court, or where there is a conflict of decisions of the same matter in the Courts of Appeals in the different circuits, or the Circuit Court has decided an important question of local law probably in conflict with legal decisions or the weight of authority, or a question of law which should be settled by the Supreme Court, or a federal question in conflict with applicable decisions of the Supreme Court, or departed from the usual course of judicial proceeding as to call for the exercise of the supervisory power. It is apparent that the federal question involved was before the Supreme Court upon the petition for writ, and the rule of court and the denial of the writ would appear to be conclusive. See discussion, "certiorari denied," Stamey v. U. S. (D. C.) 37 F.(2d) 188.

The state court having jurisdiction, the judgment of that court upon federal questions is res adjudicata. Mitchell v. First Nat. Bank, 180 U. S. 471, 21 S. Ct. 418, 45 L. Ed. 627. The answer raises a right and immunity under the "commerce clause" of the Constitution. The identical issue was before the state court by defendant's invitation on petition for review, and that question was considered by the state court and decided against the defendant, and the decision may not be reviewed or reversed by this court. Boston v. McGovern (C. C. A.) 292 F. 705. The transportation was of a local nature—Columbia, in the United States, to Bellingham. The issue was decided, and the parties are bound by the decree. Puget Sound Elec. Ry. Co. v. Lee (D. C.) 207 F. 860; Detroit & M. R. Co. v. Mich. R. R. Comm. (D. C.) 203 F. 864, affirmed 235 U. S. 402, 35 S. Ct. 126, 59 L. Ed. 288. The conclusion is final (Lawrence v. Nelson, 143 U. S. 215, 12 S. Ct. 440, 36 L. Ed. 130; Jeter v. Hewitt, 22 How. 352, 16 L. Ed. 345), and may not be again challenged in this proceeding (Dowell v. Applegate, 152 U. S. 327, 14 S. Ct. 611, 38 S. Ct. 463).

"The foundation of the doctrine of res judicata, or estoppel by judgment, is that both parties have had their day in court. 2 Black, Judgts., secs. 500, 504. The general principle was clearly expressed by Mr. Justice Harlan, speaking for this court in Southern Pacific R. Co. v. United States, 168 U. S. 1, 48, 18 S. Ct. 18, 27, 42 L. Ed. 355, 'that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit be-

tween the same parties or their privies.'" United States v. Sakharam Ganesh Pandit (C. C. A.) 15 F.(2d) 285, 286.

A review of the very many cases cited by the respective parties would serve no useful purpose.

Judgment for plaintiff for the sum prayed for, including $6,500 attorney's fees.