**HALL et al. v. COTTINGHAM et al.**
No. 328.

District Court, E. D. South Carolina.
March 27, 1931.

Willcox & Hardee, of Florence, S. C., for plaintiffs.

Davis & Sharkey and P. H. Arrowsmith, all of Florence, S. C., for defendants.

ERNEST F. COCHRAN, District Judge.

The plaintiffs brought this case for an accounting against the defendant Cottingham as administrator and guardian and the surety on his bond. By consent, the case was referred to a special master to hear and determine all issues, reserving however to the court the right to review any ruling upon exceptions, with the power to modify, reverse, or affirm the report in whole or in part. The special master has filed his report, and the plaintiffs and the defendant Cottingham and the surety on his bond have filed exceptions.

It will be unnecessary to discuss in detail the various exceptions and points of law and fact involved. The main question concerns the jurisdiction of this court. The defendants contend: First, that this court has no jurisdiction, because of the pendency of the administration and guardianship proceedings in the probate court of the state; and, secondly, that even if this court has jurisdiction,

it should refrain from taking jurisdiction, on the ground of comity.

■ The special master held that in the state courts the jurisdiction of the probate courts is not exclusive, but that the court of common pleas on the equity side has jurisdiction to compel an accounting concurrent with the jurisdiction of the probate court. I agree with the special master that the state decisions compel this conclusion. Epperson v. Jackson, 83 S. C. 157, 65 S. E. 217; Beatty v. National Surety Co., 132 S. C. 45, 128 S. E. 40; Chapman v. Smith, 133 S. C. 122, 130 S. E. 212.

The special master further held that there being in this case diversity of citizenship, and the jurisdictional amount requisite by statute, the District Court of the United States, as a court of equity, would have the same jurisdiction that the common pleas would have as a court of equity. I agree with the special master in this conclusion also. Green's Adm'x v. Creighton, 23 How. 90, 106, 16 L. Ed. 419; Walker v. Walker, 9 Wall. 743, 754, 19 L. Ed. 814; Ingersoll v. Coram, 211 U. S. 335, 360, 29 S. Ct. 92, 97, 53 L. Ed. 208.

It would indeed be an anomaly in the law to hold that where a state court of equity has complete jurisdiction in the exercise of the general equitable powers which such courts possess, a federal court, although possessing all the powers of the High Court of Chancery in England as a court of equity, could not entertain such jurisdiction where the requisite diversity of citizenship and amount involved, exist. In Ingersoll v. Coram, supra, the Supreme Court held that in Massachusetts an executor might be compelled by a bill in equity to pay to those entitled their share of the property, and said: "And this being the power of the courts of equity of the state, a like power certainly may be exercised by the Federal courts." Cf. Sutton v. English, 246 U. S. 199, 205, 38 S. Ct. 254, 62 L. Ed. 664.

■ But I do not think that the jurisdiction of this court need be rested alone on the ground that the common pleas court of the state would have concurrent jurisdiction with the probate courts. I think the jurisdiction of the federal courts can be sustained on broader principles, without regard to the question whether the state court of equity has jurisdiction. There are numerous cases upon the subject, but I shall review only a few of them.

In Green's Adm'x v. Creighton et al., 23 How. 90, 106, 16 L. Ed. 419, a bill was filed by the assignee of certain heirs of an estate against the administratrix and executrix for an accounting. It was held that the fact of the pendency of proceedings in insolvency in the probate court would not oust the jurisdiction of the federal court.

In Walker v. Walker, 9 Wall. 743, 754, 19 L. Ed. 814, Mrs. Walker filed a bill against her husband's executor, alleging a trust or investment in respect to the moneys which she had paid into his hands, and calling for an accounting. It was held that the federal court had jurisdiction. The court used the following language: "Circuit Courts of the United States, with full equity powers, have jurisdiction over executors and administrators, where the parties are citizens of different States, and will enforce the same rules in the adjustment of claims against them that the local courts administer in favor of their own citizens."

In Security Trust Co. v. Black River National Bank, 187 U. S. 211, 228, 23 S. Ct. 52, 47 L. Ed. 147, the Supreme Court quoted the above language from Walker v. Walker, and reaffirmed the principle.

Payne v. Hook, 7 Wall. 425, 19 L. Ed. 260, is directly in point, and controls the present case. In that case, the plaintiff filed a bill in the federal court for Missouri against an administrator and the sureties on his official bond, to obtain her distributive share in a certain estate. The object of the bill was to obtain relief against the fraudulent acts of the administrator, and to compel a true account of the administration, in order that the real condition of the estate could be ascertained and the complainant paid what belonged to her. The jurisdiction of the federal court was denied by the defendant, because in Missouri, exclusive jurisdiction over all disputes concerning the duties or accounts of administrators until final settlement is given to the local county court, which is a court of probate, and as the administration complained of was still in progress in the court of probate, it was said that a resort must be had to that court to correct the errors and frauds in the accounts of the administrator. The theory advanced in that case was that the federal court of chancery, sitting in Missouri, would not enforce demands against an administrator or executor, if the court of the state having general chancery powers could not enforce similar demands. In other words, that as the complainant, were she a citizen of Missouri, could obtain a redress of her grievances only through the local court of probate, she had no better or different rights because she happened to be a citizen of Virginia. The Supreme Court held

that the jurisdiction of courts of the United States over controversies between citizens of different States cannot be impaired by the laws of the states which prescribe the modes of redress in their courts, or which regulate the distribution of their judicial power; and that the equity jurisdiction conferred on the federal courts is the same that the High Court of Chancery in England possesses, is subject to no limitation nor restraint by state legislation, and is uniform throughout the different states of the Union. It was therefore held that the federal court had jurisdiction to hear and determine the controversy, notwithstanding the peculiar structure of the Missouri probate system, and was bound to exercise it, if the bill, according to the received principles of equity, states a case for equitable relief. It is true that in that case there was a charge of fraud, and in the present case there is no such charge. But in Payne v. Hook the decision of the court was not based upon the ground that fraud was charged. It was held that a court of chancery, as an incident to its power to enforce trusts and make those holding a fiduciary relation, account, has jurisdiction to compel executors and administrators to account and distribute the assets in their hands, and that the bill under consideration had this object and nothing more; that it sought to compel the defendant Hook to account and pay over to Mrs. Payne her rightful share in the estate of her brother, and in case he should not do it, to fix the liability of the sureties on his bond. In other words, an action against fiduciaries for an accounting is a proper ground of equitable jurisdiction.

In Borer v. Chapman, 119 U. S. 587, 7 S. Ct. 342, 30 L. Ed. 532, a bill in equity was filed by a creditor against an administrator and executor, and certain others. The object and prayer of the bill were to marshal the assets of the estate of John Gordon, deceased, alleged to have been received by the defendants, either as representatives or legatees, for the purpose of applying them to the payment of the complainant's judgment. It was argued that the complainant, as a creditor of the estate, was bound to make himself a party to the proceedings in the probate court of San Francisco; and that, failing to do this, he was barred from any right to recover either from the executor or from any legatee. The Supreme Court, however, overruled that argument and held that the jurisdiction of courts of equity in administration suits and creditors' bills brought against executors or administrators, or after distribution against legatees, for the purpose of charging them

with a liability to apply the assets of the deceased to the payment of debts, rests primarily on the ground of a trust; and that this part of the ancient and original jurisdiction of courts of equity is vested in the federal courts and is independent of that conferred by the states upon their own courts, and cannot be affected by any legislation except that of the United States. The court cites numerous cases, and especially Payne v. Hook, and reaffirms the doctrine of that case. The court further states that the only qualification in the application of this principle is that the courts of the United States in the exercise of their jurisdiction over the parties cannot seize or control property while in the custody of a court of the state.

In Byers v. McAuley, 149 U. S. 608, 13 S. Ct. 906, 37 L. Ed. 867, a decree was entered in the federal court which assumed full control of the administration of an estate then in the course of administration in the state court. The decree disposed of and distributed the entire estate among all the persons interested. It did not stop with an adjudication of the claims of citizens of other states against the estate, but assumed to determine controversies between citizens of the same state. The court said that the decree could not be sustained unless upon the theory that the federal court had the power on the filing of this bill to take the administration of the estate bodily out of the hands of the state court and transfer it to its own forum. The Supreme Court held that this could not be done. But the court clearly distinguished that case from Payne v. Hook and similar cases, and recognized that where there was no attempt to take the property away from the possession of the state court, or to take from the state court the entire administration and settlement of the estate, the federal court could exercise jurisdiction.

The subject was fully considered by the Supreme Court and the cases reviewed and the principles stated in Waterman v. Canal-Louisiana Bank & Trust Co., 215 U. S. 33, 30 S. Ct. 10, 12, 54 L. Ed. 80. The principles governing such cases were laid down by the court as follows:

"From an early period in the history of this court, cases have arisen requiring a consideration and determination of the jurisdiction of the courts of the United States to entertain suits against administrators and executors for the purpose of establishing claims against estates, and to have a determination of the rights of persons claiming an interest therein. And this court has had occasion to

consider how far the jurisdiction in equity of the courts of the United States in such matters may· be affected by the statutes of the states providing for courts of probate for the establishment of wills and the settlement of estates. We will not stop to analyze or review in detail all these cases, as they have been the subject of frequent and recent consideration in this court. The general rule to be deduced from them is that, inasmuch as the jurisdiction of the courts of the United States is derived from the Federal Constitution and statutes, that, in so far as controversies between citizens of different states arise which are within the established equity jurisdiction of the Federal courts, which is like unto the high court of chancery in England at the time of the adoption of the judiciary act of 1789 (1 Stat. at L. 73, c. 20), the jurisdiction may be exercised, and is not subject to limitations or restraint by state legislation establishing courts of probate, and giving them jurisdiction over similar matters. This court has uniformly maintained the right of Federal courts of chancery to exercise original jurisdiction (the proper diversity of citizenship existing) in favor of creditors, legatees, and heirs, to establish their claims and have a proper execution of the trust as to them. In various forms these principles have been asserted in the following, among other, cases: Suydam v. Broadnax, 14 Pet. 67, 10 L. Ed. 357; Hyde et al. v. Stone, 20 How. 170, 175, 15 L. Ed. 874, 875; Green's Adm'x v. Creighton et al., 23 How. 90, 16 L. Ed. 419; Payne v. Hook, 7 Wall. 425, 19 L. Ed. 260; Lawrence v. Nelson, 143 U. S. 215, 12 S. Ct. 440, 36 L. Ed. 130; Hayes v. Pratt, 147 U. S. 557, 570, 13 S. Ct. 503, 37 L. Ed. 279, 284; Byers v. McAuley, 149 U. S. 608, 13 S. Ct. 906, 37 L. Ed. 867; Ingersoll v. Coram, 211 U. S. 335, 29 S. Ct. 92, 53 L. Ed. 208.

"The rule stated in many cases in this court affirms the jurisdiction of the Federal courts to give relief of the nature stated, notwithstanding the statutes of the state undertake to give to state probate courts exclusive jurisdiction over all matters concerning the settlement of accounts of executors and administrators in the distribution of estates. This rule is subject to certain qualifications, which we may now notice. The courts of the United States, while they may exercise the jurisdiction, and may make decrees binding upon the parties, cannot seize and control the property which is in the possession of the state court. In Byers v. McAuley, supra, the rule was thus tersely·stated by Mr. Justice Brewer, delivering the opinion of the court:·

" 'A citizen of another state may establish a debt against the estate. Yonley v. Lavender, 21 Wall. 276, 22 L. Ed. 536; Hess v. Reynolds, 113 U. S. 73, 5 S. Ct. 377, 28 L. Ed. 927. But the debt thus established must take its place and share of the estate as administered by the probate court; and it cannot be enforced by process directly against the property of the decedent. Yonley v. Lavender, supra. In like manner, a distributee, citizen of another state, may establish his right to a share in the estate, and enforce such adjudication against the administrator personally, or his sureties (Payne v. Hook, 7 Wall. 425, 19 L. Ed. 260) ; or against any other parties subject to liability (Borer v. Chapman, 119 U. S. 587, 7 S. Ct. 342, 30 L. Ed. 532), or in any other way which does not disturb the possession of the property by the state court. (See the many cases heretofore cited.)'

"In a late case, where the subject was given consideration in this court (Farrell v. O'Brien, 199 U. S. 89, 25 S. Ct. 727, 50 L. Ed. 101), while the rule of the earlier cases was stated and their binding force admitted, it was laid down that the circuit court of the United States could not entertain jurisdiction of a bill to set aside the probate of a will in the state of Washington, because, by the statutes of that state, the proceeding was one purely in rem, and not a suit inter ·partes, sustainable in a court of equity. That case recognized what previous cases had held, —that, in proceedings purely of a probate character, there was no jurisdiction in the Federal courts. This was in harmony with the rule theretofore laid down in Byers v. McAuley, supra, in which it was held that the Federal court could not exercise original jurisdiction to draw to itself the entire settlement of the estate of the decedent and the accounts of administration, or the power to determine all claims against the estate. But it was there decided that a circuit court of the United States could entertain jurisdiction in favor of citizens of other states, to determine and award by decrees binding in personam their shares in the estates."

McClellan v. Carland, 217 U. S. 269, 30 S. Ct. 501, 504, 54 L. Ed. 762, is also directly in point and controlling here. In that case, the plaintiffs, as the sole surviving heirs at law and next of kin of one McClellan, filed a bill in the United States Circuit Court against the administrator. The bill prayed that the plaintiffs might be adjudged the sole heirs at law and next of kin and that the administrator render a just and true account of the property belonging to the estate, and distribute the same to the plaintiffs. There was no

charge of fraud in the bill. The administrator answered, there was a replication, and thereupon the state of South Dakota moved to be allowed to intervene, and the court thereupon ordered that the prosecution of the action then pending be stayed for ninety days for the purpose of allowing the state of South Dakota to commence a proper action to establish its title in the property, and that in the event that such action be commenced, the pending action to be stayed until the determination of such action brought by the state. The plaintiffs then applied to the Circuit Court of Appeals for a writ of mandamus to compel the Circuit Court to vacate the order and proceed to try and determine the suit without regard to the pendency of any proceedings in the state court. 187 F. 915. The Circuit Court of Appeals denied the writ of mandamus, and the Supreme Court granted a certiorari, and held that the Circuit Court was not justified in staying the proceedings. The Supreme Court used the following language: "The case made upon the bill was within the original jurisdiction of the circuit court of the United States. The right of the circuit court to maintain such actions, notwithstanding the legislation of the state creating probate courts, has been so recently before this court as to require no further consideration now. Waterman v. Canal-Louisiana Bank, 215 U. S. 33, 30 S. Ct. 10, 54 L. Ed. 80. In that case, following previous decisions of this court, it was held that the chancery jurisdiction of the Federal courts to entertain suits between citizens of different states to determine interests in estates, and to have the same fixed and declared, having existed from the beginning of the Federal government, and created by the grant of equity jurisdiction to such courts as it existed in the chancery courts of England, could not be impaired by subsequent state legislation creating courts of probate. The action was therefore within the jurisdiction of the circuit court of the United States."

Under the principles laid down in these cases, this court undoubtedly has jurisdiction of the present case. The present case is simply a suit by distributees, citizens of other states, seeking to establish their right to their shares, and to enforce such adjudication against the administrator and guardian personally or his sureties. It is a suit in personam, to be followed by a personal judgment and not a suit in rem. It does not attempt to disturb the possession or control of any property in the possession or under the control of the state court. Nor does it attempt to draw to this court the entire settlement of the estate of the decedent and the accounts of the administrator or guardian, or the power to determine all claims against the estate.

■ The defendants contend that the jurisdiction cannot be maintained because there is no charge of fraud; but the charge of fraud is not essential to the jurisdiction. Courts of equity have jurisdiction to compel an accounting by fiduciaries without regard to whether the conduct of the fiduciaries has been fraudulent or not.

It is true that the present suit is directed against the defendant Cottingham both as administrator and as guardian; but the same principles apply, whether he be sued as administrator or guardian or both. The basis of the jurisdiction is the trust relation and the power of a court of equity to compel an accounting when such relationship exists.

I shall not attempt to review and distinguish the various cases cited by counsel for defendants. It is sufficient to say that I have examined them and they are not in point here. They are either cases which hold that the federal courts have no jurisdiction to probate or set aside a will, or cases involving the conclusiveness of judgments of a state court, or cases where the federal court has attempted to take away the res from the possession of the state court, or attempted to draw to itself the entire administration of the estate.

■■ As to the suggestion that this court should not take jurisdiction on the ground of comity, there is no doubt that the Supreme Court of the United States has held in a long line of cases that when a state court and a federal court may each take jurisdiction of a matter, the tribunal whose jurisdiction first attaches holds it, to the exclusion of the other, until its duty is fully performed and the jurisdiction involved is exhausted; and that the rule is not only one of comity, but as between state courts and those of the United States, it is a principle of right and law, and therefore of necessity, and leaves nothing to discretion or mere convenience. See Covell v. Heyman, 111 U. S. 176, 4 S. Ct. 355, 28 L. Ed. 390, and Kline v. Burke Construction Co., 260 U. S. 226, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077, which appear to be the leading cases upon the subject. And the rule is not limited to cases where property has actually been seized, but applies as well where suits are brought to enforce liens against specific property, to marshal assets, administer trusts, or liquidate insolvent estates, and in all suits of a like nature. Kline v. Burke

Const. Co., supra, page 231 of 260 U. S., 43 S. Ct. 79.

But that principle has no application here. That principle applies only where there is an attempt to take the res from the possession of the state court. It does not apply to merely personal actions. Kline v. Burke Const. Co., supra, pages 229, 230 of 260 U. S., 43 S. Ct. 79.

A controversy is not a thing, and a controversy over a mere question of personal liability does not involve the possession or control of a thing, and an action brought to enforce such a liability does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending. Kline v. Burke Const. Co., supra, page 230, of 260 U. S., 43 S. Ct. 79.

Here the action is purely a personal one, does not involve the taking over of any of the res, and does not tend in any way to impair or defeat the jurisdiction of the state court.

Some other questions of law have been argued, but they are for the most part sufficiently discussed in the special master's report.

The remaining exceptions on the part of the defendants and the exceptions on the part of the plaintiffs refer mainly to questions of fact, and need no special discussion. I am in accord with the findings of the special master in that respect.

All of the exceptions of the parties will therefore be overruled, and the master's report adopted and confirmed.

Let the attorneys for the plaintiffs prepare a decree accordingly, serve a copy upon the defendants' attorneys, and present the same to the court for signature upon four days' notice.