## SAUK RIVER LUMBER CO. v. NORTHERN PACIFIC RY. CO.
### No. 760.

District Court, W. D. Washington, N. D.
Nov. 16, 1931.

Cleland & Clifford, of Olympia, Wash., for plaintiff.

L. B. DaPonte, of Seattle, Wash., for defendant.

F. M. Dudley, of Seattle, Wash., amicus curiæ.

NETERER, District Judge.

In July, 1929, the department of public works of Washington made an order, after legal hearing, directing payment, as provided by Rem. Comp. Stat. § 10436, of sums in excess of a given amount, overcharge paid for transportation of logs between given points in the state of Washington. The defendant thereupon sought review before the proper court of the state, and upon hearing the finding of the department was reversed. Appeal was prosecuted in the Supreme Court of the state, and the judgment reversed and order of department affirmed. 160 Wash. 691, 295 P. 926. No payment being made this action was instituted in the superior court of the state pursuant to the provisions of section 10433, Rem. Comp. Stat. of Washington, in excess of $3,000 being involved, and by petition removed to this court. The plaintiff moves to remand.

■ The motion to remand must be denied. The joint jurisdiction of the department of public works and its findings and order and review by the nisi prius court and the Supreme Court of the state, together a regulatory body, is exhausted. The function of the regulatory body was to find the facts upon the evidence presented. This finding

the defendant may accept and pay within a given time. Upon failure to pay, a right is given plaintiff by the law to sue defendant for such sum. This is the creation of a new right, an independent cause of action to collect the claim by plenary action and in a tribunal of competent jurisdiction. The plaintiff could elect to sue in the state court, and the defendant had the right to remove the action to this forum under the provisions of section 28, Judicial Code (28 USCA § 71). The proceedings before the department of public works and of the nisi prius and Supreme Courts of the state in the regulatory relation are in the nature of exercise of legislative function, rather than exercise of judicial power. This court, in Puget Sound Elec. Ry. v. Lee, 207 F. 860, pointed out the function and power of a regulatory body where, by provision of law, the issue may be fully and fairly determined, and denied jurisdiction in that case. And in Campbell River Mills Co. v. Chicago, M. St. P. & P. Ry. Co. (D. C.) 42 F.(2d) 775, determined an issue as in this case. In that case the issue was a mixed issue of law and fact and was submitted to the court by stipulation on the record in the department of public works and courts of the state. No dispute appearing in the facts, the court found that the commerce was intrastate, and rendered judgment on the merits against the defendant. This was affirmed by the Court of Appeals, October 13, 1931. 53 F.(2d) 69. This court, in that case, however, instead of saying that the evidence before the state regulatory body being stipulated as the evidence in this court, there is no evidence to overcome the presumption fixed by law, and that such finding on the facts must prevail, said the matter was res judicata. The Court of Appeals (to paraphrase), instead of "taking a Swiss as he means and not as he says," distinguished res judicata (and in that the court is eminently right), said it was not res judicata, and on the merits affirmed the judgment. For discussion of res judicata, see United States v. Sakharam Ganesh Pandit (9th Circuit) 15 F.(2d) 285.

The first duty of the court is to determine its jurisdiction of its own motion, if it is not challenged by the litigants. Charroin v. Romort Mfg. Co. (D. C.) 236 F. 1011. In the Campbell River Mills Case, supra, no question was raised as to jurisdiction. No doubt was in the mind of this court or in the Court of Appeals, and this court now entertains not a doubt as to the right of removal. When the regulatory function ended, an independent judicial right was created, predicated upon the findings, and the tribunal fixed, and the findings are presumably right, and this presumption must be overcome at trial.

Analysis of the cases cited by the respective parties could serve no useful purpose and would unduly extend this memorandum.

The motion to remand is denied.